IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| AMIR HAMILTON,<br><br>        *Petitioner,*<br><br>v.<br><br>MICHAEL R. RESNICK,<br><br>        *Respondent.* | CIVIL ACTION<br>No. 24-3768 |

### ORDER

**AND NOW**, this 5th day of March, 2025, upon careful and independent consideration of the pleadings (ECF Nos. 1, 4, 8), and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (ECF No. 11) and Petitioner's objections thereto (ECF Nos. 13, 15), it is hereby **ORDERED** that:

1. The objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;[1]

---

[1] Hamilton is currently incarcerated pending trial in two cases for robbery and related offenses. (Docket Sheets, *Commonwealth v. Hamilton*, CP-51-CR-1156-2024 & CP-51-CR-1157-2024 (Phila. Cnty. Ct. Comm. Pleas), at 3.) In August of 2024, he filed a habeas petition under 28 U.S.C. § 2241, which he has since twice amended. (Pet., ECF No. 1; Am. Pet., ECF No. 4; Sec. Am. Pet., ECF No. 8.) Hamilton's amended filings claim that (1) police lied during the investigation to support the warrant for his arrest; (2) he was identified via an unduly suggestive photo array; (3) the identification witnesses at the preliminary hearing were uncertain and lied; (4) his bail should not have been revoked; (5) his counsel never provided him discovery; and (6) the Commonwealth violated his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600. (Am. Pet. at 3–6; Sec. Am. Pet. at 3.) He requests the Court dismiss the cases against him, (Am. Pet. at 7), and review the allegedly false arrest warrant, (Sec. Am. Pet. at 3). Magistrate Judge Lynne A. Sitarski issued an R&R on November 21, 2024 recommending dismissal of the petition without prejudice, (ECF No. 11), and Hamilton objected, (ECF Nos. 13, 15).

      A federal district court may consider a state prisoner's pretrial petition challenging a state criminal proceeding under § 2241. *Moore v. DeYoung*, 515 F.2d 437, 441–43 (3d Cir. 1975). However, relief is only available if (1) a petitioner who has not exhausted his claims in state court

4. A certificate of appealability **SHALL NOT** issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this decision. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

demonstrates "extraordinary circumstances are present" or (2) a petitioner exhausted state remedies and "makes a special showing of the need" for federal adjudication of the merits of his constitutional claims. *Id.* at 443.

Hamilton failed to exhaust state remedies with respect to his federal claims. Filing motions before the trial court and attempting to obtain interlocutory review, see (Docket Sheets, CP-51-CR-1156-2024 & CP-51-CR-1157-2024, at 5–10; Docket Sheet, *Commonwealth v. Hamilton*, 72 EDM 2024 (Pa. Super. Ct.), at 2), does not satisfy the exhaustion requirement. *Moore*, 515 F.2d at 444–45 (finding petitioner failed to exhaust because his motions for interlocutory review constituted neither a ruling on the merits of his constitutional claim nor an opportunity to consider the merits); *see also Cuevas v. Pennsylvania*, No. 19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020). Furthermore, even if Hamilton's Rule 600 claim could be construed as a claim for violation of his federal speedy-trial rights and that claim had been exhausted, his request that the Court dismiss the cases against him, rather than enforce the Commonwealth's duty to try him, could not be granted. *See Moore*, 515 F.2d at 44546 (discussing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973)).

Nor has Hamilton demonstrated that his cases present the sort of "extraordinary circumstances" that would excuse his failure to exhaust. There is "nothing in the nature of the speedy trial right to qualify it as a *per se* 'extraordinary circumstance,'" and the record "does not reveal that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute" such a circumstance. *Id.* at 446–47 & n.12; *see also Evans v. Ct. of Comm. Pleas, Delaware Cnty.*, 959 F.2d 1227, 1234–36 (3d Cir. 1992); *Duran v. Thomas*, No. 10-cv-294, 2010 WL 1032690 (D.N.J. March 16, 2010), *aff'd*, 393 Fed. App'x 3 (3d Cir. 2010).